SCHWARTZ v. SMOKE.

(Supreme Court, Appellate Term.   March 5, 1909.)

SALES (§ 348*)—ACTION FOR PRICE—COUNTERCLAIM.

Where the seller of a business violated his agreement not to engage in that business in that locality, foreclosed the chattel mortgage given by the buyer, and resold the goods and property, and by the aid of the buyer's attorney obtained from the buyer a release, signed in blank or not understood, and the discontinuance of a suit to rescind the sale and to restrain the foreclosure, the buyer, when sued by the seller on notes for the price, could counterclaim for the money paid.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 973–986; Dec. Dig. § 348.*]

Appeal from City Court of New York, Trial Term.

Action by Adolph Schwartz against Annie Smoke. From a judgment for defendant on her counterclaim, and from an order denying a motion to set aside the verdict and for a new trial, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Charles L. Hoffman (Henry A. Friedman, of counsel), for appellant.

Ehrich & Wheeler (Manfred W. Ehrich and Ernest E. Wheeler, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Plaintiff sued to recover upon 26 out of 36 promissory notes given in payment for a business sold by plaintiff to defendant; the latter claiming, as part consideration, that plaintiff agreed not to engage in business within a certain locality for six months. Defendant paid about $1,400, and refused payment of the notes sued on upon the ground that plaintiff had engaged in business in violation of his agreement. Plaintiff thereupon foreclosed a chattel mortgage given by defendant upon the property sold, and subsequently resold the business and chattels for $1,000. Defendant counterclaimed for the money paid by her, and the jury found in her favor in the sum of $1,609.25; a verdict fully justified by the evidence, which reveals a shocking betrayal of defendant's confidence in the plaintiff, who was aided by an attorney of this court whom defendant retained and paid, and who, nevertheless, acting for plaintiff, obtained from defendant a release signed in blank or not understood by defendant, as well as a discontinuance of an action brought by defendant against plaintiff in this court for a rescission of the sale and an injunction restraining the foreclosure of the chattel mortgage. This record should be presented to the Appellate Division for its consideration regarding the conduct of said attorney.

Judgment affirmed, with costs.